(C. D. 898)

Wishnatzki & Nathel *v.* United States

United States Customs Court, Third Division

(Decided November 23, 1944)

*John D. Rode* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Cline, Judge: This is a suit against the United States in which the plaintiff claims that the collector erred in assessing duty against merchandise entered as eggplants and cucumbers at .015¢ per. pound and .03¢ per pound, respectively. Plaintiff claims that the eggplants are dutiable at .006¢ per pound and the cucumbers at .012¢ per pound under paragraph 774 of the tariff act and T. D. 47232. T. D. 47232 is a trade agreement with Cuba providing for a reduction in duties on certain articles the growth, produce, or manufacture of Cuba. Cucumbers are dutiable at .012¢ per pound when imported during the period from December 1 to the last day of the following February, inclusive, in any years and eggplants are dutiable at .006¢ per pound when imported during the period from December 1 to the following March 31, inclusive, in any year. The articles here were entered December 31, 1940.

The collector filed a memorandum with the protest, stating:

Had a consular invoice been filed or had there been produced a declaration of the shipper or other person having actual knowledge of the facts—that the articles are of the growth, produce or manufacture of Cuba—liquidation would have been made at the rates claimed. However, as evidence of origin was not produced duty was levied as indicated.

At the trial, Albert Sroge, office manager of plaintiff, testified that the goods in question were consigned to plaintiff for sale and that they received notice of the shipment from the forwarding agent in

Cuba. The notice or letter, which is partly a printed form and partly typed, was received by Mr. Sroge personally from A. B. Kelm, Nueva Gerona, Isle of Pines, Cuba, and states that certain vegetables have been exported in care of plaintiff "in accordance with shipping instructions received from the growers" via S. S. *Oriente* sailing from Havana December 28 and due to reach New York December 31. There follows a list of names of firms with the number of crates of eggplants or cucumbers from each. Counsel for the Government stated that the letter had no signature to show who prepared it. An examination of the exhibit discloses a type-written signature, "A. B. Kelm."

The other papers indicated that the shipment did arrive from Havana via the S. S. *Oriente* on December 31, 1940.

Mr. Sroge testified further that after the merchandise was sold the money was remitted to the owners listed in the letter at Nueva Gerona, Isle of Pines, Cuba.

Mr. Sroge stated that he examined the packages when they arrived and that they were marked "Product of Cuba" and also had on them stencil numbers which indicated the grower. The stencil numbers were in the letter next to the name of each grower listed.

In order to obtain the lower rate the burden of proof is upon the importer to show that the articles were of Cuban growth, produce, or manufacture. The situation is analogous to that in which counter-vailing duties are imposed upon the products of certain countries. It has been held that the burden is upon the importer to show the country of origin. *Matter of Middleton & Co.*, T. D. 27872; *Migliavacca Wine Co.* v. *United States*, T. D. 26777.

In the latter case it was claimed that the merchandise was entitled to the reduced duties provided by a French reciprocal commercial agreement. The importer testified that he had sent an order for the goods through an agency in New York; that the goods were consigned to him direct and billed to him as purchaser and consignee. This was held insufficient because it was necessary to prove that the merchandise was produced in France in addition to the fact of a direct importation from France. The court said that it did not appear that the importer had any personal knowledge other than the fact that he ordered the goods from a foreign establishment and that they were sent to him from the place in France in which the establishment was located.

In the instant case the evidence goes further. The shipment is identified with that set forth in the letter of A. B. Kelm through the testimony of the witness who checked the stencil numbers on the packages with those in the letter and who paid the growers listed in the letter. The letter was from Cuba and payment was made in Cuba. Moreover, the packages were marked "Product of Cuba,"

which is a sufficient marking for shipments of merchandise manufactured or produced in Cuba under section 304 of the Tariff Act of 1930. T. D. 45121.

The importer has made out a *prima facie* case that the merchandise was a product of Cuba and a direct shipment therefrom.

If such *prima facie* case be made by the importer, it becomes a matter of weighing the evidence, and the presumption of correctness attached to the finding of the collector is not to be regarded as having evidential value, and can not be weighed against the evidence challenging the correctness of his finding. *United States* v. *Hudson Forwarding & Shipping Co.* (18 C. C. P. A. 258, 262).

No evidence was offered by the defendant to contradict the testimony of the plaintiff and the importer has sustained its burden of proof.

We find that the merchandise is a product of Cuba and a direct shipment therefrom and we hold that the eggplants are properly dutiable at .006¢ per pound and the cucumbers at .012¢ per pound under paragraph 774 of the Tariff Act of 1930, as modified by the trade agreement with Cuba, T. D. 47232. The claim in the protest is sustained and the judgment will be rendered in favor of the plaintiff.